UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHUMITHIA BAKER,

    Plaintiff,

v.

                                          Case No. 11-CV-12973-DT

                                          HONORABLE DENISE PAGE HOOD

JESUS COLON, MATHEW BRAY and
CITY OF DETROIT,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR SANCTIONS**
**and**
**SETTING FINAL PRETRIAL CONFERENCE DATE**
**IF DEFAULT JUDGMENT IS NOT ENTERED**

**I.    BACKGROUND**

This action alleges state law claims of gross negligence, willful and wanton misconduct, assault, battery and intentional infliction of emotional distress and federal claim under 42 U.S.C. § 1983 for excessive force claim under the Fourth and Fourteenth Amendments against Defendants Detroit Police Officers Jesus Colon, Mathew Bray and the City of Detroit. Plaintiff alleges the individual Defendants fired dozens of shots into a vehicle in which Plaintiff was a passenger and that Plaintiff was shot in the ankle and seriously injured.

The parties have engaged in discovery and various discovery motions have been filed before the Magistrate Judge. This matter is before the Court on Plaintiff's Motion for Sanctions against Defendants for failure of non-party Officers K. Treasvant and Michael Logan to appear for depositions as ordered by the Magistrate Judge in an October 19, 2012 Order granting Plaintiff's Motion to Compel the depositions. (Order, Doc. #38) The Magistrate Judge's Order indicates that

a negative inference will be assumed by the court for failure to appear for the depositions and that sanctions would be imposed. *Id.* Plaintiff thereafter scheduled the depositions for November 1, 2012 at defense counsel's office. Plaintiff's counsel indicates she arrived at the office of defense counsel with her court reporter to take the depositions, but was informed by defense counsel that neither officer would be appearing for the depositions.

In Defendants' response, defense counsel admits that Defendants did not participate in the September 26, 2012 telephonic motion hearing which was set on August 30, 2012. It is noted that the docket sheet indicates the Magistrate Judge's office attempted to reach defense counsel at two separate phone numbers, but was unable to reach defense counsel. The Local Rules provide that it is incumbent on the party to notify the Court of contact information. E.D. Mich. LR 11.2.

As to the substance of the response, Defendants assert that Plaintiff's motion is misleading. Defense counsel indicates that he had advised Plaintiff's counsel that Officer Treasvant could not appear for deposition because he had been shot in the line of duty and that his status had not yet been evaluated. Plaintiff's counsel was advised that Officer Logan had not responded to the deposition notice and that efforts were being made to determine whether Officer Logan had actually received the notice to appear for deposition. Plaintiff's counsel was advised that she would be informed when both officers could be available for the depositions. However, defense counsel indicated that Plaintiff's counsel insisted on coming to defense counsel's office for the scheduled deposition on November 1, 2012 and was then informed, again, that the two officers were not at the office for the depositions. Defendants argue that in any event the testimonies of these officers are not relevant since they have no personal knowledge of the incident at issue.

The Court heard arguments on Plaintiff's Motion for Sanctions on December 19, 2012. The

Court took the matter advisement indicating that the depositions should be held by January 14, 2013. The Court scheduled a Status Conference on the matter for February 1, 2013. On January 25, 2013, Plaintiff filed a Renewed Motion for Sanctions claiming that defense counsel refused to provide dates for the depositions and has not responded to Plaintiff's counsel's telephone calls, emails and correspondences. Plaintiff's counsel appeared for the February 1, 2013 Status Conference; defense counsel did not. The Court's staff attempted to call defense counsel's office, but could not reach anyone to inquire as to defense counsel's whereabouts. To date, the Court has not received any communication from defense counsel.

**II.   ANALYSIS**

Rule 37(b)(2)(B) of the Rules of Civil Procedure provides for sanctions where a party fails to comply with a court order requiring the party to produce another person for examination, including prohibiting the disobedient party from introducing matters in evidence, striking pleadings, rendering default judgment against the disobedient party, treating as contempt of court the failure to obey an order or any further "just orders." Fed. R. Civ. P. 37(b)(2)(B); 37(b)(2)(A). Entry of default judgment is the most severe sanction available to the district court which is reviewed by the appellate court under an abuse of discretion standard weighing four factors: 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate would result in a default judgment; and 4) whether less drastic sanctions were imposed or considered. *Grange Mut. Cas. Co. v. Mack,* 270 F3d. Appx. 372, 376 (6th Cir. 2008); *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990).

Defendants failed to comply with the Magistrate Judge's Order compelling the depositions

of Officers Treasvant and Logan. Defendants assert various reasons as to why Officers Treasvant and Logan did not appear at the deposition. Defendants claim that Officer Treasvant had been injured and that his duty status was unknown. Defendants also had no knowledge whether Officer Logan received the deposition notice. The original notice of depositions as to these two officers was issued on March 1, 2012 for an April 5, 2012 deposition date. Defendants have had almost one year notice that Plaintiff seeks to depose these two officers and the defense at this time still has no knowledge as to the status of these two officers and their availability for depositions.

Defendants' argument that these two officers lack personal knowledge of the facts at issue is without merit since the two officers have yet to be deposed and an order has been entered by the Magistrate Judge compelling the depositions of the two officers. Any substantive argument against the depositions should have been raised at the time the motion was heard, but defense counsel did not participate at the scheduled motion hearing before the Magistrate Judge. Defendants did not file a motion for reconsideration or any appeal from the order compelling the depositions of the two non-party officers.

The Court grants Plaintiffs' Renewed Motion for Sanctions. The Court's review of the docket indicates that Defendants have failed to comply with orders compelling discovery and failure to appear at scheduled hearings and status conferences. (See, Docket Entries Nos. 36, 38, 39, 42, 46, 50 and Minute Entries 9/26/12 and 2/1/13) The Magistrate Judge has already entered an order that a negative inference will be assumed for failure to appear for the depositions and that sanctions would be imposed. (Doc. No. 38) The Magistrate Judge's warning of sanctions did not deter Defendants from disobeying the Magistrate Judge's Order.

At the December 2012 hearing on Plaintiff's Motion for Sanctions, the Court gave the

4

defense the opportunity to make available the two officers for depositions by January 14, 2013, but such opportunity was disregarded by the defense. Applying the factors noted above, the Court finds: Defendants have acted in willful bad faith; Plaintiff has suffered prejudice given the delays measured in several months because of Defendants' failure to make available the two officers for previously noted depositions and filing of motions to compel; and that issuing less drastic sanctions were imposed, including a negative inference for failure to provide the officers for deposition. However, this Court has not entered a written order warning Defendants that failure to cooperate could result in a default judgment. The Court will therefore issue a less drastic sanction at this time.

In addition to the negative inference sanction imposed by the Magistrate Judge, the Court issues monetary sanctions against Defendant City of Detroit in the amount of $1,000.00 to be paid to Plaintiff within two weeks from the entry of this Order. The monetary sanctions is in addition to an order that Defendants make available for depositions Officers Treasvant and Logan within two weeks from the entry of this Order. Defendants are warned that failure to provide the two officers for depositions within two weeks at a date to be set by Plaintiff's counsel, will result in the entry of default judgment against Defendants upon filing of a notice by Plaintiff's counsel that Defendants failed to provide the two officers for the depositions.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Sanctions Against Defendants for Failure of Detroit Police Officers K. Treasvant and Michael Logan to Appear for their Depositions Pursuant to Court Order **(Doc. No. 39)** is MOOT.

IT IS FURTHER ORDERED that the Renewed Motion for Sanctions Against Defendants

for Failure of Detroit Police Officers K. Treasvant and Michael Logan to Appear for their Depositions PURSUANT to Court Order **(Doc. No. 46)** is GRANTED.

IT IS FURTHER ORDERED that monetary sanctions against Defendant City of Detroit is issued in the amount of $1,000.00, paid to Plaintiff by February 25, 2013.

**IT IS FURTHER ORDERED that a Default Judgment will be entered against all of the Defendants if Officers K. Treasvant and Michael Logan do not appear at a deposition to be scheduled by Plaintiff's counsel by March 18, 2013 and upon such notice filed by Plaintiff's counsel. Plaintiff may also file documentation to support any requested damages at that time.**

IT IS FURTHER ORDERED that if no notice is filed by Plaintiff and default judgment is not entered, a Status Conference date is set for **March 25, 2013, 4:00 p.m.** Final Pretrial Conference and Trial dates will be set at that time.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager